IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARNOLD RAY REED | § | |
| | § | |
| v. | § | C.A. NO. C-06-79 |
| | § | |
| PAUL A. MORALES, ET AL. | § | |

## AMENDED MEMORANDUM AND RECOMMENDATION TO DISMISS

This is a civil rights action filed by a federal prisoner pursuant to 42 U.S.C. § 1983. For the reasons stated herein, it is respectfully recommended that the Court dismiss plaintiff's action for failure to prosecute his claims.

### I. BACKGROUND

Proceeding *pro se*, plaintiff filed his complaint in this action on November 17, 2005 in the San Antonio Division of the Western District of Texas. (D.E. 1). On January 31, 2006, the action was transferred to this Court. (D.E. 2). On February 17, 2006, a notice of deficient pleading was sent to plaintiff. (D.E. 6). The notice informed him that he must either pay the $250.00 filing fee, or file a complete application for leave to proceed in forma pauperis. Id. It further informed him that he had twenty days to cure the deficiencies. Id. On March 3, 2006, plaintiff filed an application for leave to proceed in forma pauperis. (D.E. 8). A memorandum and recommendation was issued recommending that his

application be denied because he failed to file a copy of his inmate trust account form. (D.E. 9). On May 26, 2006, this recommendation was adopted, and he was instructed to either pay the filing fee, or file a new application for leave to proceed in forma pauperis. (D.E. 10).

In his complaint, plaintiff names Warden Paul Morales and Dr. Herrera as defendants, asserting that they have been denying him medical care. (D.E. 1). Specifically, he asserted:

> The plaintiff is suffering great pain from what he believes to be cancer inside his body. For over a year the plaintiff had complained of various symptons [sic] on his prior unit and now McConnell Unit where he has resided since May. The plaintiff complained of having difficulty when urinating sometimes and stomach pains. However the plaintiff was told repeatedly that he was too young to have such problems. The plaintiff was brushed off and told he would be prescribed Zantax and if it didn't work to come back. Several times blood was drawn from plaintiff as well supposively [sic] for cancer tests. But the plaintiff was never told anything. So, plaintiff inquired of results and was told that if he was not called back and informed of the results that means the test was negative. But the stomach pains continued and plaintiff experienced excessive daily gas and insisted that the medication was not working. Plaintiff also told of fact that though there was not excessive blood in his stool he could detect small streaks on his tissue when cleaning himself. Again blood was drawn yet plaintiff was told nothing. So the plaintiff assumed that everything was okay. Now after a few months have passed the pains in the stomach that come and go have spread to the rib cage area right under the right chest. Yet this pain is a

> persistant [sic] pain that does not fade and a pain that
> intensifies ten fold if I laugh, cough, sneeze and even
> hurts just to breathe. I fear having to move or get out of
> bed because that causes pain. My cellie (Gabriel
> Rodriguez) has even had to help me up sometimes. I can
> sleep only on my back and am allowed only short breaths
> due to pain. I sent in a sick [call request] explaining the
> pain yet I am not given proper medical attention. I fear I
> may be dying and cannot do anything about it.

Id. at 1-2. Plaintiff seeks "a full medical evaluation and/or physical of the plaintiff's condition by an outside medical center at the expense of the state." Id. at 3.

Plaintiff previously filed a habeas petition challenging a disciplinary proceeding: Reed v. Dretke, C-06-67. In his habeas petition, he challenged restrictions and loss of good time credit that he suffered for a violation of rules at the McConnell Unit. Reed v. Dretke, C-06-67 (D.E. 4, at 2). A memorandum and recommendation was issued, recommending that respondent's motion for summary judgment be granted in this habeas petition. Reed v. Dretke, C-06-67 (D.E. 18). The Court adopted this recommendation and entered final judgment. Reed v. Dretke, C-06-67 (D.E. 19, 20).

In this action, plaintiff filed a response to the memorandum and recommendation that plaintiff's motion to proceed in forma pauperis be denied

because he failed to file a copy of his inmate trust account form. (D.E. 11). In that response he asserted that:

> It is obvious that there is some sort of mix-up as the plaintiff did file such motion to proceed in forma pauperis and an inmate trust fund account slip and such request was granted March 9th, 2006 (See Civil Action No. C-06-067) and signed by U.S. District [sic] Judge, Brian L. Owsley. It is captioned Arnold Ray Reed #1205652 v. Douglas Dretke. The plaintiff has filed only one (1) federal writ of habeas corpus, so there should be only one action no. – not two.

Id. at 1. He further requests that his two actions "be joined together as one as they are indeed one and the same, or that Civil Cause No. C-06-067 take precedent over Civil Cause No. C-06-00079 rendering the latter cause (C-06-00079) as moot." Id. at 1-2.

On October 2, 2006, an order to show cause as to why his action should not be dismissed for failure to adhere to the Court's May 26, 2006 order was issued. (D.E. 12). To date, plaintiff has neither paid the filing fee, nor filed a new application for leave to proceed in forma pauperis.

## II. DISCUSSION

An action may be dismissed if the plaintiff fails to prosecute it, or to comply with any court order. Fed. R. Civ. P. 41(b); see also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to sua sponte

4

dismiss a cause of action for failure to prosecute).  "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.'"  Martinez, 104 F.3d at 772 (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988)).

The Fifth Circuit has explained that "[g]enerally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement." Coleman v. Dretke, 395 F.3d 216, 219 n.2 (5th Cir. 2004) (citation omitted).  However, a habeas petition "is the proper vehicle to challenge the fact of confinement and seek release from custody." Id. (citation omitted).  Plaintiff's claim that he is not being provided adequate medical care is properly filed as a section 1983 claim.  See generally Estelle v. Gamble, 429 U.S. 97 (1976).

It appears that plaintiff has failed to take any action in response to the Court's May 26, 2006 order.  It is therefore respectfully recommended that the Court dismiss plaintiff's action for failure to prosecute his claims.

### III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court dismiss plaintiff's action for failure to prosecute.

Respectfully submitted this 28th day of November 2006.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **TEN (10) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).