IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARNOLD RAY REED | § | |
| | § | |
| v. | § | C.A. NO. C-06-79 |
| | § | |
| PAUL A. MORALES, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT PLAINTIFF'S MOTION TO DISMISS**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is his motion to dismiss his action. (D.E. 16).

On November 17, 2005, plaintiff's action was filed in the San Antonio Division of the Eastern District of Texas. (D.E. 1). On January 31, 2006, this complaint was transferred to this Court. (D.E. 2).

Plaintiff filed an application to proceed *in forma pauperis* in this proceeding, but did not include a copy of his inmate trust fund account. (D.E. 8). A memorandum and recommendation was issued recommending that his application be denied for lack of the inmate trust fund account. (D.E. 9). This recommendation was adopted. (D.E. 10).

Plaintiff still failed to pay the filing fee, or file a proper application to proceed *in forma pauperis*. On October 2, 2006, an order to show cause was

issued, explaining that he either had to correct his application or his action would be dismissed for failure to prosecute it. (D.E. 12). On November 28, 2006, an amended memorandum and recommendation was issued, recommending that plaintiff's action be dismissed for failure to prosecute his action. (D.E. 14).

Plaintiff's motion is construed to be filed pursuant to Rule 41 of the Federal Rules of Civil Procedure:

> Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Fed. R. Civ. P. 41(a)(1). The Fifth Circuit has established that a "plaintiff has the right to file a notice of dismissal at any time before the defendant has filed either an answer or a motion for summary judgment" pursuant to Rule 41(a)(1). Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc., 434 F.3d 320, 324 (5th Cir. 2005). Moreover, a "plaintiff has an 'absolute right' to a Rule 41(a)(1) dismissal." Id.

Here, service of process of plaintiff's action has not been ordered. Consequently, defendants have neither filed an answer, nor filed a dispositive motion.

Accordingly, it is respectfully recommended that plaintiff's motion to dismiss his action, (D.E. 16), be GRANTED. Furthermore, it is respectfully recommended that his action be dismissed without prejudice.

ORDERED this 12th day of December 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).